IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NORMAN CADMUS, | : | |
| | : | No. 4:08-CV-1273 |
| Plaintiff, | : | |
| | : | (District Judge John E. Jones III) |
| v. | : | |
| | : | (Magistrate Judge Mannion) |
| UNITED STATES OF AMERICA | : | |
| and GEORGE W. BUSH, | : | |
| | : | |
| Defendants. | : | |

# MEMORANDUM

## June 1, 2009

This matter is before the Court on the report and recommendation ("R&R") of Magistrate Judge Malachy E. Mannion (Rec. Doc. 9) which recommends that the Bivens[1] action filed by Plaintiff Norman Cadmus ("Plaintiff or Cadmus") be dismissed. Cadmus lodged objections to the R&R, but Defendants have not done so. Nonetheless, the R&R is ripe for disposition. For the reasons set forth below, the Court will reject the Plaintiff's objections and adopt the Magistrate Judge's R&R in its entirety.

---

[1] Claims pursuant to Bivens v. Six Unnamed Agents of the Fed. Bur. of Narcotics, 403 U.S. 388 (1971), may be lodged by plaintiffs who experience a deprivation of federal constitutional rights at the hands of a federal officer. It is the federal counterpart to a 42 U.S.C. § 1983 ("§ 1983") action.

1

## I. STANDARD OF REVIEW

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); United States v. Raddatz, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. Id. Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. Raddatz, 447 U.S. at 674-75; see also Matthews v. Weber, 423 U.S. 261, 275 (1976); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

## II. STATEMENT OF FACTS[2]

On July 3, 2008, Plaintiff, an inmate at the State Correctional Institution in Coal Township, Pennsylvania ("SCT-Coal") filed the instant Bivens action against Defendants United States of America (" the USA") and former-President George W. Bush (" former-President Bush"). (See Rec. Doc. 1). Plaintiff's complaint challenges the constitutionality of the Anti-Terrorism and Effective Death Penalty

---

[2] The factual recitation contained herein is taken from the Magistrate Judge's R&R as well as from the Plaintiff's objections thereto.

2

Act of 1996 ("AEDPA"). (See id.). Specifically, Cadmus asserts that the one-year statute of limitations for filing a federal habeas corpus petition challenging a state court conviction, provided for in 28 U.S.C. § 2244(d)(1), unconstitutionally overlaps the one-year statute of limitations for filing a state post-conviction relief petition, as provided for in the Pennsylvania Conviction Collateral Relief Act ("PCRA").[3] Cadmus avers that said overlapping violates his First, Eighth, and Fourteenth Amendment rights. Cadmus seeks both declaratory and monetary damages against both the USA and former-President Bush.

### A. Magistrate Judge Mannion's R&R

As afore-stated, the Magistrate Judge recommended the dismissal of the claims against both the USA and former-President Bush. In addressing the claims against the USA, Magistrate Judge Mannion noted that a federal court lacks jurisdiction to entertain a suit for monetary damages against the USA or its agencies unless sovereign immunity has been expressly waived. See United States v. Mitchell, 445 U.S. 535, 538 (1980). Further, the Magistrate Judge cited F.D.I.C. v. Meyer, 510 U.S. 471 (1994), for the proposition that a Bivens action cannot be maintained against the USA or its agencies and therefore concluded that subject

---

[3] This claim was apparently the product of allegations of untimeliness being lodged against Plaintiff's habeas corpus petition in another case pending in the Middle District of Pennsylvania.

3

matter jurisdiction over those claims was lacking. With regard to the claims against former-President Bush, Magistrate Judge Mannion noted that former-President Bush was immune therefrom because the claims lodged against him were based on actions he took pursuant to his duties as President and chief executive. See Nixon v. Fitzgerald, 457 U.S. 731, 756 (1982) (the President of the United States enjoys absolute immunity from civil liability with regard to "official acts").[4] Finally, with regard to the one-year statute of limitations provided for in the AEDPA, the Magistrate Judge noted that this provision of the AEDPA has withstood numerous constitutional challenges over the years and that Congress was well within its right to exercise power over federal court jurisdiction when it limited said jurisdiction through the ratification of the AEDPA's statute of limitations provision. (See Rec. Doc. 9 pp.4-5). Accordingly, Magistrate Judge Mannion recommended the dismissal of the instant action in its entirety. (See id. p. 5).

B.  **Plaintiff's Objections to the R&R**

---

[4] Magistrate Judge Mannion also noted that Cadmus could not maintain his claims against former-President Bush because the President's liability was based in the *respondeat superior* doctrine, which cannot, by itself, vest liability in a particular defendant. See Rouse v. Plantier, 182 F.3d 192 (3d Cir. 1999).

In response to the R&R, Plaintiff filed a multitude of objections that we will briefly summarize. First, Plaintiff avers that Magistrate Judge Mannion erred in characterizing the instant action as a <u>Bivens</u> action against federal officials singularly. Instead, Cadmus avers that the instant action sets forth a <u>Bivens</u> claim against former-President Bush and a Tucker[5] claim against the USA. Accordingly, Cadmus reasons that the Little Tucker Act contains a waiver of sovereign immunity, meaning that this Court does in fact have jurisdiction over his claims and that Magistrate Judge Mannion erred when he recommended otherwise.

Second, the Plaintiff asserts that the Magistrate Judge erred in concluding that former-President Bush is cloaked with sovereign immunity because former-President Bush "is legally responsible not only for the construction of federal statutes but, also, the authorization of the employment of the federal statute contested by plaintiff" and because the USA has consented to be sued pursuant to the Little Tucker Act. (Rec. Doc. 16 p. 7). Further, Plaintiff contends that even if former-President Bush was entitled to absolute immunity, that determination is not a valid basis for dismissing the action because former-President Bush's inclusion in

---

[5] 28 U.S.C. § 1346(a)(2) (the "'Little' Tucker Act"). <u>Inter alia</u>, this provision grants to district courts original jurisdiction in civil actions "against the United States, not exceeding $10,000 in amount, founded . . . upon the Constitution, or any Act of Congress . . . ." 28 U.S.C. § 1346(a)(2) (1997).

the action would constitute a "misjoinder," meaning that Plaintiff should have the ability to drop him from the action without jeopardizing his claims against the USA.[6]

Third, Plaintiff avers that Magistrate Judge Mannion's statement that the AEDPA has been upheld against numerous constitutional challenges is inapposite to the instant case because the cases cited in support of that statement do not involve the constitutional challenges currently pending before this Court.[7] Consequently, Plaintiff insinuates that his challenges to the AEDPA should be upheld. Additionally, Plaintiff objects to the Magistrate Judge's reference to the constitutionality of the prohibition of successive petitions because his petition is a first petition. In raising this issue, Plaintiff appears to believe that Magistrate Judge Mannion's decision to recommend dismissal was based, in part or in whole, on the Magistrate Judge's improper perception that Plaintiff's claims involve a second or successive habeas petition, where they actually refer to a first habeas petition.

---

[6] Plaintiff appeals to the dictates of Federal Rule of Civil Procedure 21 in support of this claim.

[7] Specifically, Plaintiff avers that Defendants violated the following constitutional rights: access to the courts secured by the First Amendment, freedom from cruel and unusual punishment secured by the Eighth Amendment, and equal protection secured by the Fourteenth Amendment.

Lastly, Plaintiff asserts that the instant action is a matter of first impression, as there is no federal common law addressing "constitutional violations substantially identical to plaintiff's on a 'first' habeas petition." (Rec. Doc. 16 p. 11). Cadmus proceeds to cite a Tenth Circuit Court of Appeals opinion for the proposition that "there may be circumstances where the [one-year] statute of limitations period [of the AEDPA] at least raises serious constitutional questions . . . ." Miller v. Marr, 141 F.3d 976 (10th Cir. 1998). Plaintiff insinuates that the instant circumstances are such that the constitutionality of the said limitations period is impaired.

Having summarized Plaintiff's objections to the R&R, we address the merits of same *seriatim*.

## III. DISCUSSION

With regard to Plaintiff's first contention, we note that a federal court is without jurisdiction to entertain a suit for money damages against the USA or its agencies unless sovereign immunity has been expressly waived. See United States v. Mitchell, 445 U.S. 535, 538 (1980). However, as Plaintiff notes, the Little Tucker Act does in fact constitute a waiver of sovereign immunity under the instant circumstances because Plaintiff seeks monetary damages from the United States in

7

an amount less than $10,000[8] for alleged constitutional violations. See Fleming v. United States, 413 F. Supp. 2d 503, 505 (E.D. Pa. 2005). However, Plaintiff errs in concluding that such a waiver automatically vests in him a cognizable cause of action for money damages against the USA. In determining whether such a cause of action exists, the Supreme Court of the United States has articulated an inquiry with two analytically distinct prongs. See United States v. Mitchell, 463 U.S. 206, 216-17 (1983) (citations omitted). "The first inquiry is whether there has been a waiver of sovereign immunity. If there has been such a waiver . . . the second inquiry comes into play-that is, whether the source of substantive law upon which the claimant relies provides an avenue for relief." F.D.I.C. v. Meyer, 510 U.S. 471, 484 (1994) (citing Mitchell, 463 U.S. at 216-17). Since we have determined that the Little Tucker Act constitutes a waiver of sovereign immunity, we must determine whether the substantive law relied upon by Plaintiff provides him with an avenue for relief.

Plaintiff asserts that the substantive provisions of law applicable to the case

---

[8] Although Plaintiff requests damages in "a net aggregate amount not less than $9,500" plus additional compensation related to the prosecution of his case, our liberal pleading standard for *pro se* prisoners leads us to construe Plaintiff's request as being less than $10,000 and thus within the purview of the Little Tucker Act.

8

*sub judice* are § 1983[9] and the Little Tucker Act.[10] Regardless of the substantive predicate to the claims at bar, the Magistrate Judge correctly noted that there can be no action for damages against the United States or an agency of the federal government for alleged deprivations of constitutional rights. Meyer, 510 U.S. at 484-85.[11] Since Plaintiff has no substantive right to monetary relief for the purported constitutional violations he sustained, he cannot satisfy the second prong of the Meyer inquiry. Accordingly, the waiver of sovereign immunity contained in the Little Tucker Act cannot preserve Plaintiff's monetary claims. This determination leads to the dismissal of same against both the USA and former-President Bush. Therefore, Plaintiff's first objection is overruled.

Plaintiff's second objection addresses the absolute immunity of former-President Bush. Since absolute immunity only applies to civil damage actions arising out of the execution of the President's official duties, see Nixon v.

---

[9] Magistrate Judge Mannion noted that since § 1983 enables plaintiffs to sue *state* officials for deprivations of federal rights, that provision is inapposite in the instant matter. Consequently, the proper foundation upon which Plaintiff can base similar civil rights claims is Bivens, since that case established the right to sue *federal* officials for deprivations of federal rights.

[10] We have already noted that the Little Tucker Act is solely jurisdictional in nature; it does not provide any substantive rights and cannot therefore be the substantive basis for Plaintiff's instant claims. See Fleming, 413 F. Supp. 2d. at 505.

[11] Nor can there be such a suit against any individual federal officers in their official capacities, Kentucky v. Graham, 473 U.S. 159, 166 (1985) (a suit against a government officer in his or her official capacity is a suit against the government).

Fitzgerald, 457 U.S. 731, 756 (1982), and since we have already determined that dismissal of the monetary claims against former-President Bush is proper, we will overrule Plaintiff's second objection as moot.[12]

Plaintiff's third objection attacks the Magistrate Judge's analysis of the substance of his claims. Essentially, Plaintiff asserts that Magistrate Judge Mannion erred in his recommendation of dismissal because it was based on the fact that the AEDPA statute of limitations has been upheld as constitutional against a number of challenges not at issue in the case at bar. Although we believe that the Magistrate Judge referenced these cases as an example of how the AEDPA statute of limitations provision has been upheld against extensive constitutional scrutiny,[13] and not as a basis for dismissing the claims *sub judice*, we will accommodate Plaintiff by addressing the merits of his constitutional claims in an effort to finally resolve the issues presented therein.

Plaintiff's first claim sounds in his First Amendment right to access the courts. The touchstone of the right-of-access is *meaningful* access, and therefore Plaintiff must show how the alleged shortcoming hindered his efforts to pursue his

---

[12] We note that doing so will not adversely effect the viability of Plaintiff's declaratory claims against either the USA or former-President Bush.

[13] The case cited by the Magistrate Judge involve Suspension and Ex Post Facto Clause challenges.

10

legal claims. See Lewis v. Casey, 518 U.S. 343, 351 (1996). Here, the "shortcoming" is the overlapping one-year statute of limitations imposed by the AEDPA and the PCRA. Simply stated, we fail to see how the statute of limitations burdens Plaintiff's access to the courts because it does not prevent him or any other inmates from maintaining claims, provided that they file same in a timely fashion. Further, the AEDPA's statute of limitations is specifically tolled during the pendency of "a properly filed application for State post-conviction . . . ." 28 U.S.C. § 2244(d)(2). Such tolling belies any assertion that the "overlapping" limitation periods place undue burdens and unfair time constraints on prisoners because they are forced to simultaneously litigate federal and state claims. The twelve months counted towards Plaintiff's one-year statute of limitations period were twelve months in which he had no pending PCRA claims and was therefore free to focus his energies on his federal habeas petition. Accordingly, we do not believe that the one-year statute of limitations provided for in the AEDPA prevented Plaintiff from having meaningful access to the courts.[14] We will therefore reject this objection insofar as it relates to his access of courts claim and will dismiss same.

---

[14] This conclusion is buttressed by the fact that the AEDPA statute of limitations is also subject to equitable tolling when extraordinary circumstances that are not within a petitioner's control prevent him from timely filing a habeas petition. See Merit v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003). This is another mechanism that allows inmates to access federal courts and exercise their habeas rights.

Plaintiff's Eighth Amendment cruel and unusual punishment claim is based upon the fact that he is "unschooled in both state and federal law [and is] required to exhaust available state post-conviction or other collateral review . . . and [is] forced . . . to simultaneously learn, develop, and present both state and federal claims within a one year time period . . . ." (Rec. Doc. 1 p. 7). Plaintiff has not provided us with any law, nor can we find any, that indicates such claims are cognizable under the Eighth Amendment. To state an Eighth Amendment claim for cruel and unusual punishment, an inmate must allege both objective and subjective components. See Wilson v. Seiter, 501 U.S. 294, 298 (1991). The objective component requires that an inmate allege "deprivations denying 'the minimal civilized measure of life's necessities'" Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 346 (1981)). Neither the AEDPA's requirement of exhaustion of available state remedies nor Plaintiff's lack of legal training adversely affect any of his "life necessities." Accordingly, it is our opinion that Plaintiff cannot maintain an Eighth Amendment claim against the USA or former-President Bush. We will overrule his objections to this extent.

The Equal Protection Clause provides the third and final ground for the instant action. Plaintiff avers that the equal protection clause of the Fourteenth Amendment is controlling; however, that provision applies to *state* actors and is

therefore inapposite in the case at bar. See U.S. CONST. amend XIV. The equal protection provision applicable to *federal* actors is found in the Fifth Amendment and is therefore the controlling source of law for the equal protection claim asserted in the instant case. See U.S. CONST. amend V.[15] At a basic level, the equal protection clause ensures that laws apply equally to all people, regardless of classification. See Enquist v. Oregon Dept. of Agr., 128 S.Ct. 2146, 2154 (2008). Accordingly, "[w]hen those who appear similarly situated are nevertheless treated differently, the Equal Protection Clause requires at least a rational reason for the difference, to assure that all persons subject to legislation or regulation are indeed being treated alike, under like circumstances and conditions." Id. (citations and quotations omitted).

In the case at bar, Plaintiff avers that the AEDPA is applied to Pennsylvania inmates differently than it is applied to inmates in other states that lack similar avenues for state post-conviction relief. In essence, Plaintiff contends that since both the AEDPA and PCRA employ a one-year statute of limitations period, Pennsylvania inmates are not afforded a full twelve months in which to focus on their AEDPA claim, whereas inmates in states without similar post-conviction

---

[15] This distinction is really one of semantics, as the equal protection guarantees of the Fifth and Fourteenth Amendments are identical. U.S. v. Clemons, 843 F.2d 741, 745 (3d Cir. 1988).

remedies can use the full twelve months allotted by the AEDPA to develop their federal habeas claim. As stated, this "class" of Pennsylvania inmates is not treated substantially differently than inmates in other states because the AEDPA statute of limitations is tolled during the pendency of properly filed PCRA claims. Therefore, Pennsylvania inmates do in fact get the benefit of a full twelve months to file claims governed by the AEDPA. Accordingly, we do not believe there is any merit to Plaintiff's equal protection claims and will consequently dismiss them. We will overrule Plaintiff's third objection to this extent, meaning that the third objection will be overruled in its entirety.[16]

With regard to Plaintiff's fourth objection, he cites Miller v. Marr, 141 F.3d 976 (10th Cir. 1998), as a case that "substantially relates" to his claims. After reviewing this case, it is our determination that it is inapposite to our resolution of the case *sub judice*, since it involves an inmate's Suspension Clause[17] challenge to

---

[16] We note that after review of Magistrate Judge Mannion's R&R we do not believe, as Plaintiff suggests, that his recommendation was based on a misapprehension of the nature of Plaintiff's habeas petition. Much like his references to cases that upheld the AEDPA's statute of limitations provision against Suspension and Ex Post Facto Clause challenges, Magistrate Judge Mannion merely noted the fact that the "successive petition" portion of the AEDPA has been upheld as constitutional as an example of how the AEDPA has survived extensive constitutional scrutiny. Accordingly, Plaintiff's objection in this regard is unavailing and buttresses our conclusion to overrule Plaintiff's third objection.

[17] The Suspension Clause states, "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. CONST. art. I, § 9, cl. 2.

the AEDPA statute of limitations. Plaintiff notes that the Miller Court stated, "There may be circumstances where the limitations period at least raises serious constitutional questions and possibly renders the habeas remedy inadequate and ineffective." Miller, 141 F.3d at 978. However, the "inadequate and ineffective" language contained in Miller is only pertinent to challenges made pursuant to the Suspension Clause.[18] See Swain v. Pressley, 430 U.S. 372, 381 (1977) (holding that the Suspension Clause is violated only where habeas corpus is rendered "inadequate or ineffective"). Since Plaintiff does not lodge a Suspension Clause claim, the afore-quoted language is inapposite to the case at bar and Plaintiff's appeal to it does not advance his position in any meaningful way. Further, given the tolling options referenced above, we fail to see how the AEDPA statute of limitations renders Plaintiff's habeas remedy "inadequate" or "ineffective." Accordingly, we will overrule Plaintiff's fourth and final objection.

## IV. CONCLUSION

For the foregoing reasons, we will overrule Plaintiff's objections to

---

[18] We find it ironic that Plaintiff castigates as irrelevant Magistrate Judge Mannion's reference to cases dealing with the Suspension Clause and then proceeds to cite Miller, a case involving the Suspension Clause, asserting that it "substantially relates" to the case at bar. It is Plaintiff, not Magistrate Judge Mannion, whose use of such cases fails to advance his position.

Magistrate Judge Mannion's R&R and adopt the R&R in its entirety. An appropriate Order will enter.